Dear Mr. Joseph:
We are in receipt of your request for an Attorney General's opinion regarding a petition proposing the incorporation of the Village of St. Maurice in Winn Parish. Specifically, you have requested that we review certain documents to determine and advise the Governor as to whether he should call a special election for the people to vote on the question of whether the Village of St. Maurice shall become incorporated.
LSA-R.S. 33:1 provides the requirements for establishing and designating a municipality, including a petition signed by at least twenty-five percent of the electors residing in the area proposed for incorporation, as certified by the registrar of voters. R.S. 18:3 provides for the required information for all petitions, with the exception of local option petitions.
R.S. 33:1 provides that a petition proposing the incorporation of an area shall contain the following:
 1. A legal description of the proposed area of incorporation, and a statement that all lands included in the area constitute a contiguous area.
 2. A statement of the number of inhabitants residing in the unincorporated area. Such statement shall be based on the latest federal decennial census or another current population report or count which is verifiable.
 3. A statement of the assessed value of the real property located in the unincorporated area.
 4. A listing of the public services the municipal corporation proposes to render to the area and a plan for the provision of these services.
 5. A statement of the corporate name desired for the new municipality.
 6. The names of two or more chairpersons for the petition for incorporation who shall serve as agents for the petitioners in all legal matters, including the receipt of notices.
R.S. 33:3 requires the governor to determine if the petition complies with the provisions of R.S. 33:1-7, in order to call a special election for the purpose of determining whether the unincorporated area shall become a municipality. It is the Attorney General's opinion that the petition in question fails to comply with R.S. 33:1-7 in the following respects:
 1. The petition and its attached documents fail to state whether all lands included in the area constitute a contiguous area.
 2. The petition and its attached documents fail to list the public services the new municipal corporation proposes to render to the area. (A plan for the proposed municipal powers of the village is provided, which plan refers to some public services, such as destroying or removing weeds and unwarranted junk, enforce speed limit laws, and enforce street improvements; however, it does not list the proposed public services, as required by law.)
Further, we are of the opinion that the petition fails to comply with R.S. 18:3* in the following respects:
 1. The petition fails to include the name of the signer either typed or legibly written.
 2. The petition fails to include either the date on which the person witnessed and obtained the signature, or the date the voter signed the petition. (One date is provided, but it is unclear whether it is the date the petition was signed or the date it was witnessed. The law specifically requires the signature to be dated and for the witness to date when he obtained the signature, even though these two dates should be the same date.)
For the above and foregoing reasons, we are of the opinion that at this time the Governor should refrain from calling a special election in this matter.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:cwr
Date Received: Date Released:
Angie Rogers LaPlace Assistant Attorney General
* LSA-R.S. 18:3 was amended by Act 1420 (1997) to require petitions to contain the signer's ward/district/precinct anddate of birth. Since the petition in this mater was instituted on July 14, 1997, and Act 1420 (1997) did not become effective until January 1, 1998, the petition is not subject to this new requirement of law.